## James Crawford, Plff. in Err., *v.* Alexander Stewart.

Plaintiff, while working as a carpenter in the employ of defendant, was
injured by the fall of a scaffold erected by his coemployees, and brought
this action for damages. There was no evidence that the men who erected
the scaffold were not competent workmen, nor that they were not supplied
with suitable material to construct it. *Held*, that there was no evidence
showing negligence on the part of the defendant, and that a verdict should
have been directed in his favor.

(Argued November 4, 1886. Decided January 3, 1887.)

October Term, 1886, No. 149, before GORDON, PAXSON,
TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the
Court of Common Pleas No. 1 of Allegheny County to review
a judgment on a verdict for plaintiff in an action to recover
damages for personal injuries alleged to have been caused by
defendant's negligence. Reversed.

The case as stated by plaintiff in error is as follows:

This action was brought for damages for personal injury re-
ceived by plaintiff while in the employ of defendant, through
the alleged negligence of defendant in not furnishing safe appli-
ances for carrying on the work. Defendant had under contract
for erection a large iron-clad building at Verona, and employed
plaintiff first to dig out the foundations for the piers of the
building, and afterwards as a rough carpenter. As the work
of covering the building with iron progressed, it became neces-

sary to use scaffolding which was moved from time to time as each successive section of iron siding was finished.

The work had so far progressed at the time of the accident that the building was riveted or covered with iron, except the gable end, and plaintiff had been working at it during most of the time of its erection, and upon the scaffolds putting on corrugated iron. On the 14th of February, 1885, the scaffolding having been moved the day or morning before, and the plaintiff having worked upon it the evening before, plaintiff (after having worked upon the scaffold that morning for two or three hours) while upon his knees assisting a fellow workman in lifting a ladder from the ground, and being elevated about eight feet, was precipitated by the falling of that particular story of the scaffolding upon which he was kneeling, and thus sustained the injury complained of.

The scaffolding was constructed by erecting posts at convenient distances, perpendicular to the side of the building, and at some distance from it. Successive stories were made by nailing cleats or cross pieces on these posts, turned toward the building, and braced by a board nailed upon the cleat near the inner end thereof, and extending down and nailed to the upright post at the other end. Upon these cross pieces a plank was laid to form the floor. As thus constructed, the scaffold was intended to stand clear of the building, the upright posts being held in place by being nailed at the top, by cross pieces, to the building, and was properly erected substantially as has been the custom and usage among builders for many years.

Exactly what caused that particular story of the scaffold upon which plaintiff was working to fall does not clearly appear from the testimony. At the moment of the accident a fellow workman stepped upon the end of the plank upon which plaintiff was. Under this additional weight, either because of the nailing having become somewhat loosened since someone had sawed off a piece of the foot-lock, or the frost had drawn the nails, the cross piece sagged, causing plaintiff to fall, and leaving the fellow workman standing with one foot on the cross piece and holding by his hand to the upright post.

Defendant's counsel moved for a compulsory nonsuit, which motion was denied. After all the testimony was in, defendant requested the court to instruct the jury that under all the testimony the verdict should be for the defendant, which the court

refused. The jury returned a verdict for plaintiff for $280, upon which judgment was rendered, and defendant took this writ, assigning as error the action of the court in refusing his request for instructions.

*Winfield S. Wilson* and *George D. Riddle,* for plaintiff in error.—In the trial of a cause it is a preliminary question of law for the court whether there is any evidence that ought reasonably to satisfy the jury that an alleged fact is established. If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted; on the other hand, if the evidence is wholly insufficient to justify the jury in thus finding, and the court would be justified in setting aside the verdict if they did so find, the testimony should be withdrawn from the consideration of the jury. Longenecker v. Pennsylvania R. Co. 105 Pa. 328.

While ordinarily the question of negligence is for the jury, yet, when in a particular case a state of facts is presented by the witnesses of both plaintiff and defendant, which places the parties in such a position that there is no material question between them, it is then the duty of the court to say whether such a state of facts amounts to negligence, or contributory negligence. Shaffer v. Haish, 16 Pittsb. L. J. 317; Wannamaker v. Burke, 111 Pa. 423, 17 W. N. C. 225, 2 Cent. Rep. 283, 2 Atl. 500.

Negligence cannot be assumed from the mere fact of injury, but must be proved. Easton v. Neff, 14 W. N. C. 206.

The evidence must show the injury to have resulted from the negligence of the defendant, without any negligence on the part of the plaintiff. Goshorn v. Smith, 92 Pa. 435; Central R. Co. v. Feller, 84 Pa. 226.

In an action for negligence, when facts have not been shown from which negligence may be reasonably inferred, the court may properly direct a verdict for the defendant. Fouhy v. Pennsylvania R. Co. 1 Sad. Rep. 377.

"In an action by an employee against his employer for injuries sustained by the former in the course of his employment, from defective appliances, the presumption is that the appliances were not defective; and when it is shown that they were, then there is a further presumption that the employer had no notice or knowledge of this fact. . . . 'It is not enough,'

said Mr. Justice Wells, 'for the plaintiff to show that he has sustained an injury under circumstances which may lead to a suspicion, or even a fair inference, that there may have been negligence on the part of the defendant, but he must go on and give evidence of some specific act of negligence on the part of the person against whom he seeks compensation.' " 2 Thomp. Neg. p. 1053; § 48; Grimont v. Hartman, 1 Sad. Rep. 434.

In a suit by a servant against a master . . . the plaintiff's own case assumes that he voluntarily entered into the employment where he was exposed to particular risks; it is necessary for him to prove, as part of his case, that the risk by which he was injured was not one of those which he agreed to assume; hence, if he does not prove this, in other words, if he rests his case after showing that he was injured by an ordinary incident of his service, of which he was aware, or ought to have been aware, when he entered into it, he may be nonsuited by the court. Wharton, Neg. § 243.

*Arch. H. Rowand, Jr.*, for defendant in error.—While a master does not warrant the absolute safety of those whom he employs to do his work, yet he is bound to take heed that he does not, through his own want of care, expose his servants to unnecessary risks or dangers, either from the character of the tools with which he supplies them or the place in which he requires them to operate. Green & C. Street Pass. R. Co. v. Bresmer, 97 Pa. 103; Tissue v. Baltimore & O. R. Co. 112 Pa. 91, 2 Cent. Rep. 596, 56 Am. Rep. 310, 3 Atl. 667.

The master's orders to his servant to be cautious cannot relieve him from responsibility. The master is bound to see that he is cautious. Wood, Mast. & S. 283; Philadelphia & R. R. Co. v. Derby, 14 How. 486, 14 L. ed. 509.

It is the duty of the master to provide safe machinery, tools, and premises for his servant; and negligence in any of these matters renders him liable for damages. Wharton, Neg. pp. 207, 209; Johnson v. Bruner, 61 Pa. 61, 100 Am. Dec. 613; Patterson v. Pittsburg & C. R. Co. 76 Pa. 393, 18 Am. Rep. 412; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 248, 98 Am. Dec. 336; Philadelphia & R. R. Co. v. Agnew, 11 W. N. C. 394; Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 280, 37 Am. Rep. 684; Pennsylvania & N. Y. Canal & R. Co. v. Leslie, 42 Phila. Leg. Int. 267, 16 W. N. C. 321; Ardesco Oil Co. v. Gilson,

63 Pa. 147; Chicago, M. & St. P. R. Co. v. Ross, 112 U. S. 383, 28 L. ed. 790, 5 Sup. Ct. Rep. 184; Hough v. Texas & P. R. Co. 100 U. S. 216, 25 L. ed. 615.

The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant, and of resulting injury to himself. Shearm. & Redf. Neg. 13 and note; Wood, Mast. & S. 389; Addison, Torts, pp. 33, 355, 356.

But the very nature of the accident may of itself, and through the presumptions it carries, supply the requisite proof. Wharton, Neg. p. 421; Sullivan v. Philadelphia & R. R. Co. 30 Pa. 239, 72 Am. Dec. 698; Laing v. Colder, 8 Pa. 483, 49 Am. Dec. 533; Philadelphia & R. R. Co. v. Anderson, 94 Pa. 357, 39 Am. Rep. 787.

It is clear that a plaintiff may recover, although he did not use due care, if his negligence in nowise caused the accident resulting in his injury. Thirteenth & F. Street Pass. R. Co. v. Boudrou, 92 Pa. 480, 37 Am. Rep. 707; Creed v. Pennsylvania R. Co. 86 Pa. 145, 27 Am. Rep. 693; Wharton, Neg. 327, 329, 331; Addison, Torts, 568.

This case belongs to that class where the testimony of the defendant makes it the duty of the court to declare that the defendant was negligent. Goshorn v. Smith, 8 W. N. C. 289. See also Thirteenth & F. Street Pass. R. Co. v. Boudrou, 92 Pa. 475, 37 Am. Rep. 707; Pittsburg & C. R. Co. v. McClurg, 56 Pa. 294; Pennsylvania R. Co. v. White, 88 Pa. 333; Philadelphia, W. & B. R. Co. v. Stinger, 78 Pa. 225; Ardesco Oil Co. v. Gilson, 63 Pa. 150.

When the standard shifts with the circumstances of the case, it is in its very nature incapable of being determined as a matter of law and must be submitted to the jury. McCully v. Clarke, 40 Pa. 406, 80 Am. Dec. 584; Kay v. Pennsylvania R. Co. 65 Pa. 269, 3 Am. Rep. 628; American S. S. Co. v. Landreth, 42 Phila. Leg. Int. 320; Lackawanna & B. R. Co. v. Doak, 52 Pa. 379, 91 Am. Dec. 166; Sullivan v. Philadelphia & R. R. Co. 30 Pa. 234, 72 Am. Dec. 698; West Chester & P. R. Co. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Philadelphia, W. & B. R. Co. v. Keenan, 103 Pa. 124; Longenecker v. Pennsylvania R. Co. 105 Pa. 328; Lee v. Woosley, 16 W. N. C. 337.

As the question growing out of what is here stated is one of fact, it can only be determined by the verdict of a jury. Tissue v. Baltimore & O. R. Co. 112 Pa. 91, 2 Cent. Rep. 596, 56 Am. Rep. 310, 3 Atl. 667.

OPINION BY MR. JUSTICE PAXSON:

The plaintiff below was injured while in the employ of the defendant, by the falling of a scaffold upon which he was at work as a carpenter. The scaffolding was put up by two other carpenters in the employ of the defendant and was thought to be safe. There was no evidence that the men who erected the scaffold were not competent workmen, nor that they were not supplied with suitable material to construct it, and plenty of nails to secure it. Andrew Eiler, a witness for plaintiff, testified that "the defendant ordered the men to nail well. He also said that a few nails were not worth as much as a man's life, when he ordered us to nail that."

Upon the trial below the learned judge refused the defendant's point which requested the court "to instruct the jury that, under all the testimony, the verdict should be for the defendant."

This was error. There was not a scintilla of evidence to show negligence on the part of the defendant. Indeed, the learned judge practically conceded this in his general charge. Under the circumstances it was clear error to submit this case to the jury, with the usual result in such cases, of a verdict for plaintiff.

Judgment reversed.